# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **SANDRA CAMPBELL,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:17-03223 |
| ) | |
| **BUREAU OF PRISONS,** *et al.*, ) | |
| ) | |
| Respondents. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 (Document No. 2), filed on June 8, 2017; and (2) Petitioner's "Motion to Rule and Grant Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241" (Document No. 10), filed on July 27, 2017. By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application and Motion be denied.

## FACT AND PROCEDURE

On June 8, 2017, Petitioner, acting *pro se* and incarcerated at FPC Alderson, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Memorandum in Support.

1

(Document Nos. 2 and 3.)[1] Petitioner basically contends that the Bureau of Prisons ["BOP"] is acting contrary to the Second Chance Act of 2007 by not considering inmates for designation to Residential Reentry Center ["RRC"] placement for periods of time longer than six months. (Id.) Petitioner contends that notwithstanding Congress' amendment of 18 U.S.C. § 3624(c) under the Second Chance Act of 2007, the BOP has implemented a policy and practice of authorizing no inmate more than a 6-month RRC placement. (Id.) Petitioner states that "Congress mandated that prisoners receive individualized evaluations of their eligibility for Community Corrections Placement." (Id.) Petitioner explains that at her "unit team meeting it was stated 'we will be asking for 180 days halfway house placement because that is what we do for RDAP participants.'" (Id.) Petitioner contends that this "blanket statement" exhibits that prison officials failed to consider her for RRC placement on an individual basis. (Id.) Petitioner states that "[b]y the BOP not considering placement in RRC on an individual basis it causes an increase of the portion of her sentence that must be served in imprisonment, which violates her constitutional rights." (Id.) Petitioner acknowledges that she failed to exhaust her administrative remedies concerning the foregoing, but states that she should be excused because exhaustion would be futile and "time is of the essence" due to her upcoming release date. (Id.) As relief, Petitioner requests that this Court "order the BOP to do as Congress has mandated: each prisoner be afforded an opportunity for successful re-entry based on his or her specific and individual needs in a timely manner." (Id.)

By Order entered on June 12, 2017, the undersigned ordered that Respondents file an

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On June 22, 2017, Respondents filed their Response to the Order to Show Cause. (Document No. 9.) Respondents argue that Petitioner's Petition should be dismissed based on the following: (1) "Petitioner failed to exhaust her administrative remedies" (Id., pp. 3 – 4.); and (2) "The BOP has fulfilled its obligation to review Petitioner for an RRC placement" (Id., pp. 4 – 6.).

As Exhibits, Respondents attach the following: (1) The Declaration of Sharon Wahl (Id., pp. 8 – 9.); (2) A copy of Petitioner's "Amended Judgment in a Criminal Case" as filed in the United States District Court for the Eastern District of Michigan in Criminal Action No. 12-20054 (Id., pp. 11 – 19.); (3) A copy of Petitioner's "Inmate Profile" (Id., p. 21.); (4) A copy of the "Institution Referral for RRC Placement" regarding Petitioner (Id., pp. 23 – 24.); (5) A copy of Petitioner's "Individualized Reentry Plan" (Id., pp. 26 – 29.); and (6) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Id., p. 31.).

On July 27, 2017, Petitioner filed a "Motion to Rule and Grant Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241." (Document No. 10.) In her Motion, Petitioner states that this Court ordered Respondents to answer and show cause by July 12, 2017." (Id.) Petitioner, however, contends that "Respondent failed to file a response in a timely manner, therefore, default judgment should be granted in the Petitioner's favor." (Id.)

By Order and Notice entered on July 28, 2017, the undersigned notified Petitioner that Respondents had filed a Response, directed the Clerk to mail a copy of Respondent's Response to Petitioner, and advised Petitioner of her right to file a Reply to Respondent's Response. (Document No. 11.) Petitioner, however, has failed to file a Reply.

## ANALYSIS

1. **Petitioner's "Motion to Rule and Grant Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241" (Document No. 10):**

In her above Motion, Petitioner contends that Respondents failed to file a response to her Petition and therefore requests that the Court enter default judgment in Petitioner's favor. (Document No. 10.) Petitioner states that this Court ordered Respondents "to answer and show cause by July 12, 2017," and Respondents have failed to do so. (Id.)

Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend . . .." After reviewing all of the filings in this case, the undersigned finds that Respondents did not default by failing to respond to Petitioner's Petition. The record reflects that Respondents filed their Response on June 22, 2017. (Document No. 9.) Accordingly, the undersigned recommends that Petitioner's above Motion (Document No. 10) be denied.

2. **Failure to Exhaust:**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an

inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the

response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

The undersigned finds that Petitioner failed to exhaust her administrative remedies prior to filing the instant action. In her Petition and Memorandum in Support, Petitioner acknowledges that she failed to exhaust her administrative remedies. (Document No. 2, p. 3 and Document No. 3, pp. 3 - 4.) Petitioner, however, contends that she should be excused from exhausting her administrative remedies because requiring her to exhaust would be futile. (Id.) Petitioner explains that "she would likely be denied any relief due to the lack of time remaining on her sentence." (Id.) Petitioner notes that she is requesting an 8-month RRC placement, which would put her requested halfway house date at July 28, 2017. (Id.) It is well recognized that exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that exhaustion should not be excused simply because an inmate believes that the length of the exhaustion process will prevent the inmate from receiving the full length of the inmate's requested RRC placement. See Wright v. Warden, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy)(finding that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative

appeals before the 12-month pre-release mark"); also see Yannucci v. Stansberry, 2009 WL 2421546, * 3 (E.D.Va. Jul. 28, 2009)(slip copy)(finding that inmate's claim that "he ran out of time to complete the administrative exhaustion process prior to filing his petition is not a sufficient excuse for failing to exhaust his [RRC] claims"); and Garrison v. Stansberry, 2009 WL 1160115, * 3 (E.D.Va. Apr. 29, 2009)(slip copy)(explaining that granting review of RRC placement claims because of "time-sensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims"). Based on the foregoing, the undersigned finds that Petitioner is not excused from exhausting her administrative remedies and her Petition should be dismissed.

**3.    Application of 18 U.S.C. §§ 3621(b) and 3624(c).**

Disregarding Petitioner's failure to exhaust administrative remedies, it is clear that her Petition must be dismissed because it is evident that the BOP considered how much time she should be designated to RRC placement on an individualized basis and considered Section 3621(b)'s five factors.

Pursuant to Title 18 U.S.C. § 3621, the BOP has authority to designate a prisoner's place of imprisonment. Section 3621(b) provides five factors to be considered by the BOP in determining a prisoner's placement:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence -

> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Title 18 U.S.C. § 3624(c) provides that a prisoner may be granted pre-release custody allowing a prisoner to serve a portion of her sentence in the community, such as home confinement, placement in a community correctional facility, or RRC. See 18 U.S.C. § 3624. Section 3624(c)(1) governs pre-release placements. As amend by the Second Chance Act of 2007, Section 3624(c) provides as follows:

> **(1) In general.** - - The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> **(2) Home confinement authority.** - - The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

The Second Chance Act required that the BOP issue new regulations designed to ensure that prerelease placements are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In compliance with the above, the BOP adopted regulations set forth in 28 C.F.R. § 570.20 - .22. Section 570.21 provides that a prisoner's maximum allowable time in a RRC placement is 12 months. See 28 C.F.R. § 570.21. Section 520.21 further provides that a prisoner's maximum

allowable time in home confinement is "the shorter of ten percent of the inmate's term of imprisonment or six months." Id. The regulations, however, do not set any minimum amount of time that a prisoner must spend at a RRC placement or home confinement. Section 520.22 requires the BOP to make pre-release community confinement decisions "on an individual basis" and to allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." See 28 C.F.R. § 570.22. Furthermore, the 12-month period is a statutory maximum and it is not mandatory that prisoners receive 12-months pre-release placement. See 18 U.S.C. § 3624(c); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (4th Cir. 2005)(stating that "the BOP may assign a prisoner to [a RRC placement] does not mean that it must").

Based upon a review of the record, the undersigned finds that Petitioner has appropriately been considered for pre-release placement pursuant to Section 3621(b). During the Program Review, the Unit Team reviewed Petitioner's progress[2] and considered Petitioner's placement in an RRC and home confinement. Specifically, the Unit Team determined that a 6-month RRC placement would satisfy Petitioner's release needs, and was of sufficient duration to provide the greatest likelihood of successful reintegration into the community.[3] (Document No. 9, p. 28.)

---

[2] The Unit Team noted Petitioner's progress as follows: "Ms. Campbell has not completed any programs since last review. She is on the wait list for all remaining Release Preparation Program (RPP) classes; which are Careers Inc., Finance, Health Issues, Types of Release, Anger Management and Victim Impact. Ms. Campbell remains enrolled in RDAP and has maintained clear conduct since last review. Unit Teams continues to recommend Drive To Succeed class (Resume and 8 Habits of Highly Effective People). A Drivers License has been obtained for release needs. No release savings established." (Document No. 9, p. 27.) The Unit Teams recommended that Petitioner complete the following prior to her next review scheduled for August 1, 2017: "Maintain clear conduct; Continue to participate in RDAP and make satisfactory progress; Enroll in Drive to Succeed class; and Obtain a Birth Certificate and Social Security Card or release needs." (*Id.*, p. 28.)

[3] In considering the five factors, the Unit Team determined as follows: (1) "There are available community corrections centers near the release area"; (2) "Circumstances of crime/offense are

Section 3621(b) only requires that Petitioner receive an individualized assessment for pre-release placement using the factors set forth in the statute. See Syrek v. Phillips, 2008 WL 4335494 (N.D.W.Va. Sep. 17, 2008)(finding that "the BOP must consider the § 3621(b) statutory factors" and "cannot rely upon a categorical formula to determine the length of an inmate's CCC placement"); also see Specter v. Director Federal Bureau of Prisons, 2010 WL 883733, * 5 (D.S.C. Mar. 5, 2010)(slip copy)(stating that "[u]nder these new regulations, an inmate presents a valid claim only if he is denied individual consideration based on § 3621(b) factors"); Garrison v. Stansberry, 2009 WL 1160115, *5 (E.D.Va. April 29, 2009)(finding that "the Court lacks the authority to direct the BOP to consider specific characteristics for each prisoner who is reviewed for RRC placement; the Court is limited to asking whether the BOP used the five factors and cannot engage in a review of the substantive merits or thoroughness of the BOP's analysis"). Therefore, the undersigned finds that the BOP appropriately considered Petitioner for pre-release placement pursuant to Section 3621(b).[4]

---

eligible for RRC placement;" (3) "Release housing secured, needs to secure employment, employable skills, advanced degree, support in release area;" (4) No statement from the Court; and (5) "Sentencing Commission applied no pertinent policy." (Document No. 9, p. 28.) The Unit Team noted that Petitioner was requesting additional hallway house placement about the 6 months, but the Unit Team stated that it "will maintain the 6 month recommendation as adequate for release needs." (*Id.*)

[4] The Court further finds that Petitioner does not possess a constitutionally protected interest in placement in a RRC or on home confinement. The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . And is not otherwise violative of the Constitution." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994), *cert. denied*, 513 U.S. 889, 115 S.Ct. 235, 130 L.Ed.2d 158 (1994); *see also Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)(finding that "a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation"); *Posey v. Dewalt*, 86 F. Supp.2d 565, 571 (E.D.Va. 1999), *appeal dismissed by*, 215 F.3d 1320 (4th Cir. 2000), *cert. denied*, 531 U.S. 971, 121 S.Ct. 411, 148 L.Ed. 318 (2000)(stating that "[p]ut simply, petitioner has not stated a due process claim because he has no protected liberty interest in a particular classification within BOP"). Neither

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's "Motion to Rule and Grant Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241" (Document No. 10), **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 2) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this

---

Section 3621(b) nor Section 3624(c) contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in a particular security classification. Title 18, U.S.C. § 3621(b) clearly vests the BOP with broad discretionary authority as to prisoners' placement and classification while incarcerated. *See* 18 U.S.C. § 3621. *See also Trowell v. Beeler*, 135 Fed.Appx. 590, 595 (4th Cir. 2005)(finding that "BOP must exercise its own independent judgment" under Section 3621(b)). The language of Section 3621(b) stating that the "Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . that the Bureau determines to be appropriate and suitable," is clearly permissive; the statute does not *mandate* that the BOP place a prisoner in a certain facility. Furthermore, Title 18 U.S.C. § 3624(c) "does not direct that the BOP must place prisoners in a particular facility, such as a halfway house, to achieve these 'pre-release conditions.' Rather, pursuant to § 3621(b), and subject to the § 3624 limitation periods, the BOP retains discretion to determine whether the pre-release conditions or programs will be provided within a BOP facility or within a community confinement setting." *Bost v. Adams*, 2006 WL 1674485 (S.D.W.Va. Jun 12, 2006)(finding that petitioner "does not possess a statutorily created liberty interest in release to community confinement"); *also see Pennavaria v. Gutierrez*, 2008 WL 619197, * 9 (N.D.W.Va. Mar. 4, 2008)(stating that federal prisoners do not have a protected liberty interest in being placed on home confinement, and the BOP has complete and absolute discretion regarding where a prisoner is to be held in pre-release

Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: August 30, 2017.

/s/ Omar J. Aboulhosn
Omar J. Aboulhosn
United States Magistrate Judge

---

confinement).